***********
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties in a Pre-Trial Agreement, which was admitted into the record, and marked as Stipulated Exhibit (1) as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, which has jurisdiction over the parties and the subject matter of this claim.
2. All parties have been correctly designated, and that there is no question as to misjoinder and nonjoinder of parties.
3. All parties are subject to and bound by the provisions of the Workers' Compensation Act, and the jurisdiction of the Industrial Commission.
4. This claim arises from an alleged injury by accident occurring on 3 September 1999.
5. At the time of the alleged injury by accident, an employment relationship existed between plaintiff and defendant-employer;
6. At the hearing before the Deputy Commissioner, the parties submitted a Packet of Medical Records which was entered into the record and marked as Stipulated Exhibit (2).
 ***********
Based on the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the incident giving rise to this claim, plaintiff was 37 years old and was working as a temporary laborer for defendant-employer. Plaintiff had worked periodically for defendant-employer since August 1998, and had been assigned to work with a number of different businesses.
2. On 3 September 1999, plaintiff was assigned by defendant-employer to Colfax Furniture, and had been working in its warehouse on this assignment since on or about 13 August 1999. On 3 September 1999, plaintiff was moving heavy boxes containing computer furniture from a truck to shelves. As plaintiff was performing this task, one of the boxes tipped over, and started to fall from the shelf. Plaintiff reached out and caught the box and immediately experienced a sharp pain in his right groin area. Approximately thirty minutes later, plaintiff observed swelling in his right groin area. The circumstances of plaintiff's injury constitute an injury by accident. Plaintiff's act of reaching out to catch a falling box was an unlooked for and untoward event which was not expected or designed by plaintiff.
3. Plaintiff reported the incident to his supervisor at Colfax Furniture, who in turn informed defendant-employer. Plaintiff was referred to Urgent Medical and Family Care in Greenville. At that facility, plaintiff was examined on the date of the incident by Dr. Mark Featherston. Plaintiff gave to Dr. Featherston a history of reaching out to catch a heavy falling box and feeling immediate pain in his right groin area which gradually worsened and noticing a swelling at the site of the pain about 30 minutes later. Upon examination, Dr. Featherston found a palpable and visible hernia. He diagnosed plaintiff as having a direct, inguinal hernia on the right side, for which he recommended an evaluation by a surgeon. Plaintiff had no pain on his left side.
4. On 29 September 1999, plaintiff was examined by Dr. William Weatherly, a general surgeon. Plaintiff was still experiencing some right side groin pain, but less than he had experienced on 3 September 1999. Dr. Weatherly noted a large bulge in the right groin area upon examination. Although plaintiff did not report any left sided groin pain, Dr. Weatherly discovered evidence of a weakened area in the left groin which he diagnosed as an asymptomatic, pre-existing "early hernia."
5. Dr. Weatherly is of the opinion that plaintiff had pre-existing weakness in his right and left groin area which was aggravated by the falling box incident at work on 3 September 1999. He defines a hernia as a weakness in the abdominal wall. He testified that an acute hernia results from a strong force such as straining, coughing, picking up a very heavy object, or any large pressure being applied to the abdomen. It is accompanied by pain and usually a bulge presents later. Plaintiff's description of his straining injury, accompanied by immediate right-sided pain and a noticeable bulge within 30 minutes is consistent with an "acute hernia."
6. Dr. Featherston is of the opinion that plaintiff's description of his injury and resulting symptoms is consistent with either his right-sided hernia occurring at the time of his "falling box" incident or that it was increased at that time. He opined that it would be impossible for him to say whether the hernia was there before without actually discovering it through a prior examination. Dr. Weatherly's opinion that the right-sided hernia pre-existed the injury is based primarily on the high incidence of direct inguinal hernias occurring bilaterally within a short period of time.
7. Dr. Featherston was of the opinion that a hernia is a protrusion of the interabdominal contents through a weakened area in the peritoneum or abdominal wall. He further opined that the weakened area usually exists for a period of time and some acute event or the cumulative effect of a number of events over time causes the area to become weak enough to permit intestines or omentum to protrude through the abdominal wall. Dr. Featherston found visible and palpable signs of plaintiff's direct right inguinal hernia on 3 September 1999.
8. Based upon the opinion of Dr. Weatherly, defendants contend that plaintiff's right and left sided hernias pre-existed his 3 September 1999 accident at work, and are therefore not compensable under the Act. The Full Commission notes that plaintiff is not making a claim for a left-sided hernia.
9. Dr. Weatherly's opinion appears to be based on his definition of a hernia as being a weakness in the abdominal wall rather than a "rupture" as required by N.C. Gen. Stat. § 97-2(18). Plaintiff had a "rupture" in his right groin area, but there was no evidence of rupture on the left; however, Dr. Weatherly referred to both conditions as hernias.
10. The Full Commission gives greater weight to Dr. Featherston's definition of a hernia and his opinion that plaintiff's history of injury and resulting symptoms are consistent with either his hernia occurring at the time he reached out and caught the falling box or that it was increased by that acute event.
11. Based on the greater weight of the evidence, the Full Commission finds that plaintiff's rupture or hernia occurred as a result of the strain to his abdominal area when plaintiff reached out and caught a heavy falling box at work on 3 September 1999.
12. Plaintiff's injury resulted in a rupture which Dr. Featherston confirmed by examination. The Full Commission finds credible plaintiff's testimony that he felt immediate pain and noticed a bulge in his right groin area within 30 minutes, and that he had never felt a bulge in his right groin area prior to this incident.
13. Plaintiff requires surgery to repair his right inguinal hernia.
14. As a result of his work-related hernia, plaintiff was restricted from heavy lifting, but was not taken out of work. Plaintiff was a temporary employee and testified that he earned less after his hernia because he could not do the lifting required for the jobs available to him. The evidence is unclear as to whether plaintiff's failure to work was due to incapacity caused by his right-sided hernia or his temporary work status.
15. Plaintiff's hourly wage on 3 September 1999 was $8.75, yielding an average weekly wage of $350.00 and a corresponding weekly compensation benefit of $233.35.
 ***********
Based upon foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 3 September 1999, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer resulting in a hernia. N.C. Gen. Stat. § 97-2(18).
2. Plaintiff's acute strain to his right groin area resulting from reaching to catch a heavy falling box at work on 3 September 1999 caused a "rupture or hernia." The rupture appeared suddenly, immediately following the accident, and did not exist prior to the accident. N.C. Gen. Stat. § 97-2(18).
3. As a result of his compensable injury, plaintiff needs surgery to repair his hernia. Defendants are obligated to provide surgery and such other medical treatment as plaintiff requires to effect a cure, provide relief or lessen his disability arising from his 3 September 1999 injury. N.C. Gen. Stat. § 97-25.
4. Plaintiff is entitled to temporary total disability compensation at the rate of $233.35 per week for the periods during which he was unable to work and earn his preinjury wages due to his hernia. There is insufficient evidence from which to find that plaintiff has been unable to work due to his hernia. N.C. Gen. Stat. § 97-29.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay for plaintiff's hernia repair surgery and for all reasonably required medical expenses relating to his compensable injury when bills are submitted according to procedures adopted by the Commission. Defendants shall also reimburse plaintiff for his out-of-pocket medical expenses related to his hernia.
2. Defendants shall pay the costs of this action.
This the ___ day of April, 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER